

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

February 22, 2023

Fred L. Baker, Esq.
Baker Law Firm P.C.
24 Delay ST.
Danbury, CT 06810

FEB 22 2023 PM 1:57
FILED - USDC - BPT - CT

Re:   United States v. Thomas Saint
      Case No. 3:23 cr 30 (MPS)

Dear Mr. Baker:

This letter confirms the plea agreement between your client, Thomas R. Saint (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a one-count information charging a violation of 26 U.S.C. § 7201 (tax evasion).

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. A substantial income tax was due from the defendant;

2. The defendant attempted to evade or defeat this tax as detailed in the information;

3. In attempting to evade or defeat such tax, defendant acted willfully.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of five years of imprisonment.

*Fred L. Baker, Esq.*
*Page 2*

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $100,000, together with costs of prosecution. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense which is $100,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court may order that the defendant make restitution under 18 U.S.C. § 3663(a)(3), given the parties' agreement. The Government reserves its right to seek restitution on behalf of the victim consistent with the provisions of § 3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

The defendant agrees to make restitution in the total amount of $791,500, excluding interest and penalties that may apply, for tax years 2013 through 2019 (as set forth in the Stipulation of Offense Conduct and Relevant Conduct). The defendant agrees that he will sign the IRS forms deemed necessary by the IRS to enable it to make assessment of the agreed-upon criminal restitution, including agreeing to sign IRS Form 8821, "Tax Information Authorization." The defendant further agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the United States Attorney's Office and the IRS to enable them to investigate any taxes owed by the defendant, including, but not limited to, any civil penalties and interest. With respect to disclosure of the criminal file to the above-listed individuals and entities, the defendant waives any rights the defendant might hold under 26 U.S.C. §§ 6103 and 7213 and Fed. R. Crim. P. 6(e). The defendant further waives any other rights he might have to non-disclosure of tax-related information. The defendant agrees as a special condition of probation or supervised release that he will cooperate with the IRS to pay all outstanding taxes, interest, and penalties. Finally, the defendant agrees to sign the Revenue Agent's Report (Form 4549) at or before sentencing, setting forth the defendant's civil tax liability for the years at issue.

*Fred L. Baker, Esq.*
*Page 3*

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation or supervised release, the IRS will use the restitution order as the basis for a civil assessment. 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

### Forfeiture

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of

*Fred L. Baker, Esq.*
*Page 4*

his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2T4.1 is 20. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 17.

*Fred L. Baker, Esq.*
*Page 5*

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 17, assuming placement in Criminal History Category I, would result in a Guidelines range of 24 to 30 months of imprisonment (sentencing table) and a fine range of $10,000 to $95,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of one to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

*Fred L. Baker, Esq.*
*Page 6*

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Discovery

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. The defendant acknowledges that the Government may not have yet produced any or all discovery material. By entering this plea of guilty, the defendant waives the right to receive any additional discovery, including but not limited to discovery under the Jencks Act, the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The defendant waives any and all right to withdraw his plea or attack his conviction, either on direct appeal or collaterally, on the ground that the Government has not produced any discovery material other than what has already been produced as of the date of the signing of this agreement.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the

*Fred L. Baker, Esq.*
*Page 7*

right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 30 months of imprisonment, three years of supervised release, a $100 special assessment, a $100,000 fine, and $791,500 in restitution (excluding interest and penalties), even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity

Fred L. Baker, Esq.
Page 8

involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

### COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

### SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the tax evasion, which forms the basis of the information in this case, *as well as the stipulation of offense conduct and relevant conduct attached hereto.*

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

Moreover, in the event the defendant withdraws from this agreement prior to pleading guilty to the charge identified above, or otherwise fails to fully comply with any of the terms of this plea agreement, the Government will be released from its obligations under this agreement and the defendant agrees and understands that: (a) he thereby stipulates to the admissibility of the factual admissions contained in this plea agreement, including the admissions contained in the Stipulation of Offense Conduct and Relevant Conduct, in any civil or criminal case brought by the United States in any way related to the facts referred to in this agreement; (b) the defendant's waiver of any defense based on the statute of limitations or any other defense based on the passage of time in filing an indictment or information, referred to herein, shall remain in full force and effect; and (c) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or his representatives to any state or federal agency.

### NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Fred L. Baker, Esq.*
*Page 9*

    This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*[signature]*

SUSAN L. WINES
ASSISTANT UNITED STATES ATTORNEY

    The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          2/22/2023
THOMAS R. SAINT                              Date
The Defendant

    I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          2/22/2023
FRED L. BAKER, ESQ.                         Date
Attorney for the Defendant

*Fred L. Baker, Esq.*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the information:

1. SAINT is a resident of Newtown, Connecticut and the sole owner of Tom Saint Painting and Remodeling LLC, a Schedule C business engaged in painting and home renovation services. SAINT was responsible for taking receipt of client payments for business services in the form of personal checks, cash, and credit card payments and determining whether those payments were to be deposited into a bank account (and, if so, which account), or, in the case of personal checks, cashed.

2. From 2013 through 2019, SAINT engaged a tax preparer to prepare his personal tax returns.

3. From January 2017 through on or about April 15, 2018, in the District of Connecticut, SAINT willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2017. SAINT willfully attempted to evade the assessment of a tax on the undeclared 2017 gross receipts and income he received in 2017 by committing at least the following affirmative acts:

    a. cashing checks from clients representing business income instead of depositing them into the business account;

    b. engaging the services of a tax preparer to prepare his 2017 tax return but failing to tell the tax preparer that SAINT: i) cashed business checks without ever depositing them into the business account, and ii) deposited cash and business checks representing business income into his personal bank account rather than the business account.

    c. filing and causing to be filed with the IRS on or about April 15, 2018, a U.S. Individual Income Tax Return, Form 1040 for calendar year 2017 which was false in that it failed to declare $480,857 in cashed checks representing business income and $157,213 in deposits representing business income into SAINT's personal bank account (a total of $573,030 in gross receipts).

4. In his U.S. Individual Income Tax Return, SAINT stated that his Schedule C gross receipts for the calendar year 2017 was $1,002,545. In fact, as he knew, in 2017, his total Schedule C gross receipts was $1,575,575 (an additional $573,030), upon which he owed the United States approximately $246,357 (an additional $222,563) in federal income tax.

5. SAINT knew that the gross receipts reported on his 2017 tax return were false, that he owed a substantial tax for 2017 that he did not pay, and signed the return and caused it to be submitted to the IRS deliberately, voluntarily, and with the intention to evade the assessment and paying the taxes he owed.

*Fred L. Baker, Esq.*
*Page 11*

    6. In addition to the conduct in tax year 2017, SAINT acknowledges that he engaged in relevant conduct in violation of the tax laws in 2013, 2014, 2015, 2016, 2018, and 2019, to wit, tax evasion. SAINT's unreported gross receipts for 2013 through 2019 are as follows:

| Tax Year | Gross Receipts (per investigation) | Reported Gross Receipts | Unreported Gross Receipts |
|---|---|---|---|
| 2013 | $279,904 | $213,758 | $66,146 |
| 2014 | $339,954 | $264,083 | $75,871 |
| 2015 | $767,985 | $370,349 | $397,636 |
| 2016 | $1,084,952 | $581,076 | $503,876 |
| 2017 | $1,575,575 | $1,002,545 | $573,030 |
| 2018 | $1,621,952 | $1,334,257 | $287,695 |
| 2019 | $1,757,694 | $1,498,303 | $259,391 |
| TOTAL: | $7,428,016 | $5,264,371 | **$2,163,645** |

    7. As a result of SAINT's offense conduct and relevant conduct, SAINT owes additional back taxes for tax years 2013 through 2019 as follows (exclusive of interest and penalties that may apply):

| Tax Year | Tax Due (per investigation) | Tax Due (per return) | Additional Tax Due & Owing |
|---|---|---|---|
| 2013 | $31,412 | $7,938 | $23,474 |
| 2014 | $30,579 | $4,721 | $25,858 |
| 2015 | $161,745 | $18,296 | $143,449 |
| 2016 | $205,449 | $11,179 | $194,270 |
| 2017 | $246,357 | $23,794 | $222,563 |
| 2018 | $110,423 | $9,496 | $100,927 |
| 2019 | $81,169 | $210 | $80,959 |
| TOTAL: | $867,134 | $75,634 | **$791,500** |

Fred L. Baker, Esq.
Page 12

      This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
THOMAS R. SAINT
The Defendant

_____
SUSAN L. WINES
ASSISTANT UNITED STATES ATTORNEY

_____
FRED L. BAKER, ESQ.
Attorney for the Defendant

*Fred L. Baker, Esq.*
*Page 13*

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663 as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense; and

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614.